MARY COOKE, as Administratrix, etc., of RICHARD J. COOKE, Deceased, Respondent, *v.* EDWARD GLASSHEIM, Appellant.

HUMPHREY TOOMEY, Respondent, *v.* EDWARD GLASSHEIM, Appellant.

First Department, January 11, 1924.

Trial — refusal of trial judge to grant exception does not deprive party of his right to have it heard on appeal — witness may under Civil Practice Act, § 350, be asked on cross-examination if he is serving sentence for crime — it is prejudicial error for the trial judge to criticise defendant's attorney for asking such question and to rule that question is improper.

The refusal of a trial judge to allow a defendant an exception does not deprive him of his right to have it heard on appeal.

A defendant has the right under section 350 of the Civil Practice Act to ask a witness for the plaintiff on cross-examination if he is not serving a sentence

after having been convicted of a crime, and it is prejudicial error for the trial judge to rule that the question is improper and to accompany the ruling by a severe criticism of defendant's attorney for asking the question.

APPEAL by the defendant, Edward Glassheim, in each of the above-entitled actions, from a judgment of the Supreme Court in favor of the plaintiff, entered in each action in the office of the clerk of the county of New York on the 15th day of December, 1922, upon the verdicts of a jury for $10,000 and $3,000, respectively, and also from an order entered in each action on the 2d day of January, 1923, denying the defendant's motions for a new trial made upon the minutes.

*Bernard J. Vincent,* for the appellant.

*Joseph H. Hayes,* for the respondents.

SMITH, J.:

Richard J. Cooke and Humphrey Toomey were riding in a truck belonging to the defendant, which was negligently driven. They received injuries for which this action is brought. The defendant does not deny the negligence of his driver, claims no contributing negligence on the part of the plaintiffs, but claims that these men were his employees and are to be compensated under the Workmen's Compensation Law and cannot bring this action. The plaintiffs denied that they were the employees of Glassheim, the defendant. A close question of fact was presented by the evidence.

It is claimed that the trial judge unfairly influenced the jury by his unjustifiable treatment of defendant's attorney. The following is shown by the record in defendant's cross-examination of plaintiffs' witness: " Q. Aren't you serving a sentence now for having been convicted of a crime or a misdemeanor? Mr. Guinane: Objected to as incompetent, irrelevant and immaterial. The Court: Sustained. That is not the right way to ask the question. Mr. Vincent: I can show — The Court: It is altogether irregular under the law. This man's rights are going to be protected and the jury are to disregard it entirely. Mr. Vincent: I ask the jury to disregard it. The Court: It is an outrage to do a thing of that kind. As an officer of the Court, I ought to hold you to account for it. Mr. Vincent: I did not intend to take any advantage. The Court: But you are an officer of the Court who understands the rule. The matter ought to be called to the attention of the Appellate Division. Mr. Vincent: I don't want to go to the bother of subpœnaing the record here. The Court: You have done wrong whatever the situation is. Mr. Vincent: I did not intend to do it, and I ask your Honor's pardon for it. The Court: You know the

38

law, and you know you have no right to ask such a question as that. When the testimony is over, I will hear a reason why I should not send this to the Appellate Division, because I think it is an outrageous thing to do. You ought not to ask such a question you know, and if you don't know it, you are not fit to be a lawyer. Mr. Vincent: Yes, I appreciate the fact that I should have subpœnaed the record. The Court: If this man has done wrong, he has been punished for it. We have no evidence at all that he has done wrong, any more than if you had asked the question of one of the jurors here. It is that sort of thing that has brought the Bar frequently into disrepute. There ought to be an end to it."

Upon the following morning the record appears as follows: " Mr. Vincent: I would like to take exception at this time to your Honor's conduct in examining my witness, particularly as to the manner and tone in which your Honor conducted the examination. The Court: I could not give you any such exception as that at all. I will hear you on that after the case is over. Mr. Vincent: I respectfully except. I except to your Honor's remarks to me regarding my professional conduct before this jury. The Court: I am going to hear you on that before the case is over. Mr. Vincent: I would like to get an exception now. The Court: I won't give you any such thing as that now at all."

While the exception appears not to have been allowed the defendant had the right to take the exception without permission of the court and the exception sought to be taken must be deemed to have been properly made. Furthermore, the defendant's counsel was clearly within his legal right in asking the question.

By section 350 of the Civil Practice Act it is provided that: "A person who has been convicted of a crime is, notwithstanding, a competent witness * * *; but the conviction may be proved, for the purpose of affecting the weight of his testimony, either by the record, or by his cross-examination, upon which he must answer any question relevant to that inquiry; and the party cross-examining him is not concluded, by his answer to such a question." The criticism of the defendant's attorney was, therefore, unjustified, as he was clearly acting within his rights. It is very apparent, however, that he was very much embarrassed by the condemnation of the court, as an attorney might well be when so unjustly criticised. He was required to present his case to the jury as a condemned man for knowingly indulging in improper practice and practice which brings the bar of the State into contempt. The remark of the trial court that " if this man has done wrong, he has been punished for it," and that there was no evidence at all that he had done wrong,

any more than if the attorney had asked the question of one of the jurors, constituted an improper ruling, because serving a sentence upon the conviction of a crime is proper evidence for the consideration of the jury upon the credibility of the witness.

We are of opinion that the jury may have been improperly influenced by this incident and in the interest of justice we are of opinion that the judgments and orders should be reversed on law and fact and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

In each case: Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.